UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JORGE RUBIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09-0019 |
| | ) **JUDGE HAYNES** |
| PHILLIP MCELROY, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, Jorge Rubio, a prisoner in the Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the defendants: Phillip McElroy, Joshua Chabera,[1] Joe Patterson and George Little Commissioner, Tennessee Department of Correction (TDOC). Plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the First and Fourteenth Amendments.

Plaintiff alleges that defendant McElroy falsely reported that Plaintiff had recovered a "shank" from Plaintiff's cell during a shakedown on January 3, 2008. (Docket Entry No. 1, ¶ IV, Attach. p. 3)[2] A disciplinary report issued against Plaintiff for possession of a deadly weapon, and he was placed in "maximum security" for 10 days. (Docket Entry No. 1, ¶ IV, Attach. pp. 3-4) The disciplinary board allegedly found Plaintiff "not guilty" of this charge. (Docket Entry No. 1, ¶ IV, p. 4) Plaintiff alleges that he was released back into the general population, and returned to his work

---

[1] Plaintiff spells this defendant's last name two ways – "Chabera" and "Chavera." This defendant's name is spelled differently in style of the case in both halves of the complaint described in n. 2 below, as well as in the body of the complaint where the parties are identified. Because Plaintiff spells this defendant's name "Chabera" more often than "Chavera," the Court uses the former rather than the latter for the sake of consistency.

[2] Plaintiff has submitted his complaint in two parts. The statement of Plaintiff's claim is contained in the second part, referred to herein using the following convention: (Docket Entry No. 1, ¶ IV, Attach. p. XX), where "XX" is the page number in the second part of the complaint to which reference is being made.

assignment. (Docket Entry No. 1, ¶ IV, p. 4) Two days later, however, Plaintiff was dismissed from his prison job "without legal or substantive reasons."[3] (Docket Entry No. 1, ¶ IV, Attach. p. 4)

On January 21, 2008, Plaintiff asked that he be reassigned to his job, with back pay for the time he was in maximum security. (Docket Entry No. 1, ¶ IV, p. 4) Plaintiff told SCCF officials that the loss of his job "may be a race issue due to [his] Hispanic ethnicity," because "other inmates that were placed in punit[ive] segregation were not given job drops following their release back into [the] general population."[4] (Docket Entry No. 1, ¶ IV, p. 4)

Assistant Commissioner Jim Cosby replied to Plaintiff's request on February 14, 2008 and stated that because Plaintiff was found "not guilty" of the charge, Plaintiff would be paid for the 10 days that he was in punitive segregation. (Docket Entry No. 1, ¶ IV, p. 4) As to his job, Assistant Commissioner Cosby advised Plaintiff that his job had been terminated because Plaintiff's requested a transfer to WCF that had been approved. (Docket Entry No. 1, ¶ IV, p. 4) In response to his request to reconsider, Plaintiff was told there were "sufficient program notes on TOMIS to substantiate a non-disciplinary job termination." (Docket Entry No. 1, ¶ IV, p. 4) Plaintiff avers that he was not advised of any such program notes at the time he was charged with possession of a deadly weapon. (Docket Entry No. 1, ¶ IV, p. 4)

Plaintiff alleges asserts that he has never received payment for the 10 days that he was in punitive segregation, nor has he been compensated for the lost good-time credits. (Docket Entry No. 1, ¶ IV, p. 4) Plaintiff asserts further that he never requested a transfer to WCF, and that his subsequent transfer there was "for invidious reasons." (Docket Entry No. 1, ¶ IV, p. 4)

Plaintiff avers that he filed a Title VI administrative complaint in the matter on June 30,

---

[3] Unnecessary/incorrect capitalization has been omitted in quotations from the complaint for ease of reading.

[4] Although Plaintiff asserts that he told SCCF that his job termination might be race related, Plaintiff has not raised an equal protection claim in this action.

2

2008. (Docket Entry No. 1, ¶ IV, p. 5) In its response to that complaint, SCCF responded that Title VI did not apply to disciplinary, classification, and sentence-credit matters, and that Plaintiff's job was terminated because he had been found guilty of a Class A disciplinary report for possession of a deadly weapon.[5] (Docket Entry No. 1, ¶ IV, p. 5) Commissioner Little denied Plaintiff's Title VI complaint on September 9, 2008. (Docket Entry No. 1, ¶ IV, p. 5)

## II. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

---

[5] SCCF's alleged response is inconsistent with Plaintiff's claim in this action that he had been found "not guilty" of the charge.

3

### A. Defendant McElroy

Plaintiff's sole allegation against defendant McElroy is that McElroy falsely reported that he recovered a "shank" from Plaintiff's cell during a shake down and, that as a consequence of that false charge, Plaintiff was placed in maximum security for 10 days.

A prisoner has no constitutionally protected right not to be falsely accused. *See Munson v. Burson*, No. 98-2075, 2000 WestLaw 377038, ** 3-4 (6th Cir. (Mich..))(citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)). A prisoner also has no constitutional right to a particular security classification that was only temporary. *See Jordan v. Majurin*, 56 F.3d 64, 1995 WL 325718 (6th Cir. 1985). Plaintiff's claim against defendant McElroy fails to state a claim for relief.

### B. Defendant Chabera

Plaintiff alleges that defendant Chabera terminated Plaintiff's job and thereby violated Plaintiff's "liberty interest" in his prison job. Plaintiff also asserts that defendant Chabera's "program notes" filed in TOMIS violated his procedural due process rights.

A prisoner does not have a constitutional right to a particular. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). As to the "program notes," Plaintiff does not allege that he was punished for any of the "program notes" at issue, only that the "program notes" would have justified dismissing Plaintiff from his prison job. The "program notes" do not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff who is Hispanic alleges that other inmates released from segregation had their jobs restored, but according to his complaint, Plaintiff was charged with and found guilty of a serious disciplinary offense of possession a dangerous weapon. Plaintiff has not allege other non-Hispanic inmates who were found guilty of this offense, but whose

4

jobs were restricted. Plaintiff's claims against defendant Chabera fails to state a claim.

### D. Defendant Patterson

Plaintiff alleges that defendant Patterson reclassified him for the "sole purpose" of transferring Plaintiff to WCF, and that he did so for "invidious reasons." The complaint is devoid of any facts in support of Plaintiff's allegations against defendant Patterson.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, this rule does not abrogate or abolish basic pleading for *pro se* complaints, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Plaintiff's claims against defendant Patterson are conclusory and fail to state a claim for relief.

### E. Commissioner Little

Plaintiff alleges that Commissioner Little violated his constitutional rights by denying his right to "redress." in that Little agreed with SCCF's response to Plaintiff's challenge to his job loss With the conclusions as to other Defendants, the Court concludes that Little's alleged actions do not state a claim for relief. Thus, Plaintiff's claim against Commissioner Little fails to state a claim for relief.

### III. CONCLUSION

For the reasons explained herein, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

5

_____
William J. Haynes, Jr
United States District Judge
6-18-09